IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| CATHLEEN MYERS, | ) |
|     Plaintiff, | ) ) ) |
| | ) Case No.: 1:08-cv-00022 |
| v. | ) |
| | ) Judge Mattice |
| | ) |
| THE PRUDENTIAL INSURANCE | ) Magistrate Judge Carter |
| COMPANY OF AMERICA, | ) ) |
|     Defendant. | ) |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

The defendant, The Prudential Insurance Company of America ("Prudential"), submits the following responses to the plaintiff's first set of written discovery.

### General Objection

Prudential generally objects to the plaintiff's written discovery in its entirety and takes the position that such discovery is improper under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* Prudential responds to the plaintiff's discovery requests herein without waiving this objection.

### Interrogatories

1. Identify each person making and assisting with your Interrogatory responses, including each person's name, age, address, occupation, current title and relationship to the Defendant Insurance Company or related entity.

5285969_1.DOC

**ANSWER:** Objection. This interrogatory is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, other than counsel, Tamika S. Williams, 80 Livingston Ave., Roseland, NJ 07068

2. If any person other than the individuals who signed the denial letters (i.e, Tim Routh and Amy P. Small) was responsible for the decision to deny ongoing benefits to Plaintiff, please identify such person or persons.

**ANSWER:** Julie Griffin authorized the denial set forth in Ms. Small's March 31, 2006 letter. Adam Garcia authorized the denial set forth in Mr. Routh's June 5, 2006 letter, and Tara Johnson authorized the denial set forth in Mr. Routh's March 6, 2007 letter.

3. For each of the employees of Prudential who made a decision to deny Plaintiffs claim, including, but not limited to, Tim Routh and Amy P. Small, please state the person's title, years of employment with Prudential, rate of pay for 2005, 2006 and 2007, amount of any bonuses, awards, or other remuneration given in 2005, 2006 and 2007, and state any awards, achievements or similar recognition given to each employee, in 2005, 2006 and 2007, and state the name and job title of any supervisor or more senior employee of Prudential who evaluated the above employees job performance in any way during 2005, 2006 and 2007.

**ANSWER:** Objection. This interrogatory is overly broad, unduly burdensome, invasive of the privacy interests of non-parties, and not reasonably calculated to the discovery of admissible evidence. Without waiving this objection, Tim Routh serves as Process Management Specialist and has been employed by Prudential since March 6, 2006. Amy P. Small serves as Senior Appeals Analyst and has been employed by Prudential since November 7, 2005. Adam

Garcia has served as Mr. Routh's supervisor, and Julie Griffin has served as Ms. Small's supervisor. Prudential does not (and did not) compensate Mr. Routh or Ms. Small (or other employees) on the basis of claims denied or allowed.

4. State the employer of Walter Baigelman, M.D., and, if the employer is someone other than the Defendant Prudential, state the name of the employer, and whether the employer is owned by or affiliated with Prudential.

**ANSWER:** Walter Baigelman, M.D. is not affiliated with Prudential. To the best of Prudential's knowledge, Dr. Baigelman is affiliated with MES Solutions, but Prudential does not know the nature of that affiliation (including whether Dr. Baigelman serves as an employee).

5. As to the doctor named in Interrogatory 4, the state the number of times in 2005, 2006 and 2007, the physician reviewed a claim on behalf of Prudential, whether the doctor was contracted directly by Prudential, or by a third party with whom Prudential contracted to obtain such review.

**ANSWER:** Prudential does not have records showing the number of reviews that Dr. Baigelman performed in 2005. Prudential's records indicate that Dr. Baigelman performed four (4) reviews in 2006 and one (1) review in 2007. Dr. Baigelman's services were arranged through a relationship between Prudential and MES Solutions.

6. As to the doctor named in Interrogatory 4, state how much the physician was paid (or how much the physician's employer was paid on their behalf) for his review in this case, and how much the physician was paid in total by Prudential in 2005, 2006 and 2007.

**ANSWER:** Prudential made payment to MES Solutions and does not know how much MES Solutions paid Dr. Baigelman.

7. If the reviewing doctor named in Interrogatory 4 was employed by or obtained via a third party contracted to Prudential, rather than being hired directly and individually by Prudential, state how many reviews Prudential has obtained through that third party, and how much Prudential has paid that third party, in 2005, 2006 and 2007.

**ANSWER:** Prudential does not retain records that would indicate the number of reviews that MES Solutions has performed on behalf of Prudential in 2005. Prudential paid MES Solutions $15,195.00 in 2005. In 2006, MES Solutions performed 389 reviews, and Prudential paid MES Solutions $267,441.25. In 2007, MES Solutions performed 465 reviews, and Prudential paid MES Solutions $301,722.50.

8. State the form, nature and extent of any relationship existing between Allsup Inc., and Defendant Prudential with respect to Allsup's pursuit of Social Security disability benefits on behalf of Plaintiff, and if any such a relationship existed, state the form and amount of remuneration given by Prudential to Allsup.

**ANSWER:** Objection. This interrogatory is vague and ambiguous. Without waiving this objection, Prudential paid Allsup Inc. $2,800.00 in connection with assisting the plaintiff in seeking Social Security disability benefits. An agreement between Prudential and Allsup Inc. is produced in response to the plaintiff's requests for production.

### Requests for Production:

1. For the physician referred to in interrogatory number 4, provide any and all documents showing that physician's rate of pay, or the amount that was paid to the physician's employer on the physician's behalf for the years 2005, 2006 and 2007 by defendant Prudential.

    **ANSWER:** Objection. This request seeks sensitive and proprietary financial information. Without waiving this objection, Prudential will agree to provide responsive documents subject to a protective order.

2. For the physician referred to in interrogatory number 4, provide copies of any contracts or agreements between the physician, the physician's employer, and Defendant Prudential.

    **ANSWER:** Please see document provided herewith as #D 0001-0002.

3. For the physician referred to in interrogatory number 4, provide copies of any and all correspondence between the physician (or the physician's employer) and Prudential concerning Plaintiff's disability claim.

    **ANSWER:** All responsive documents are set forth in the Administrative Record, which has been provided.

4. For each of the employees referred to in interrogatory number 2, please provide a complete copy of such individual's personnel file, performance evaluation file, supervisor's file, and any other documents referring to the performance of each such employee, the pay for each

such employee, and the awards, commendations, remuneration given, and any documents that show any awards, achievements or similar recognition given to each employee.

**ANSWER:** Objection. This request is overly broad, unduly burdensome, invasive of the privacy interests of non-parties, and not reasonably calculated to lead to discovery of admissible evidence. Without waiving this objection, a standard evaluation form and a Manager's Toolkit are provided herewith as #D 0003-0041. Prudential represents that it does not (and did not) compensate the individuals identified in response to Interrogatory No. 2 on the basis of claims denied or allowed.

5. For the company referred to in interrogatory number 8, Allsup Inc., provide copies of any contracts or agreements between Allsup and Defendant Prudential regarding the pursuit of Social Security benefits by Allsup on behalf of Plaintiff.

**ANSWER:** Objection. This request seeks proprietary information. Without waiving this objection, Prudential will agree to provide responsive documents subject to a protective order.

6. For the company referred to in interrogatory number 8, Allsup Inc., provide copies of any correspondence between Allsup and Defendant Prudential regarding the pursuit of Social Security benefits by Allsup on behalf of Plaintiff.

**ANSWER:** All responsive documents are set forth in the Administrative Record.

7. For the document described in the following Requests to Admit, please provide the full and complete version of said document that was in effect at the time Prudential issued its decisions of denial in this matter, (Le., March 6, 2007, June S, 2006, and March 31, 2006).

**ANSWER:** Objection. This request seeks proprietary information. Without waiving this objection, Prudential will agree to provide responsive documents subject to a protective order.

## Requests to Admit

1. That the attached document with the title of "Social Security Claimant Assistance Program", is a genuine portion or section of Prudential's claims manual.

**ANSWER:** Denied. Prudential, however, admits that the document has been part of its training materials.

2. That the attached document with the title of "Social Security Claimant Assistance Program", was a genuine portion or section of Prudential's claims manual.

**ANSWER:** Denied. Prudential, however, admits that the document has been part of its training materials.

3. That the attached document with the title of "Social Security Claimant Assistance Program", is a genuine portion or section of Prudential's memoranda.

**ANSWER:** Objection. The term "Prudential's memoranda" is vague and confusing. Without waving this objection, please see Prudential's response to Plaintiff's Request to Admit No. 1.

4. That the attached document with the title of. "Social Security Claimant Assistance Program," was a genuine portion or section of Prudential's memoranda.

**ANSWER:** Objection. The term "Prudential's memoranda" is vague and confusing. Without waving this objection, please see Prudential's response to Plaintiff's Request to Admit No. 1.

5. That the attached document with the title of "Social Security Claimant Assistance Program," is a genuine portion or section of Prudential's written guidelines.

**ANSWER:** Denied. Prudential, however, admits that the document has been part of its training materials. Prudential denies any suggestion that this document serves as guidelines that must be used by examiners.

6. That the attached document with the title of "Social Security Claimant Assistance Program," was a genuine portion or section of Prudential's written guidelines.

**ANSWER:** Denied. Prudential, however, admits that the document has been part of its training materials. Prudential denies any suggestion that this document served as guidelines that must be used by examiners.

# VERIFICATION

STATE OF  New Jersey :

COUNTY OF  Bergen :

I, Tamika Williams, being duly sworn upon my oath depose and say:

I am the representative of the Defendant in the above-entitled action and have read the foregoing Interrogatories and Request for Production of Documents served upon me and the foregoing responses to those discovery requests are based upon my personal knowledge and are true and correct to the best of my knowledge and ability.

_____
Name

Disability Claims Specialist
Title

Subscribed and sworn to before me this 30 day of October, 2008.

_____
Notary Public

My commission expires: August 1, 2011

DENISE A. TAYLOR
Notary Public, State of New Jersey
No. 2015298
Qualified in Bergen County
Commission Expires August 1, 2011

Respectfully submitted,

_(signature)_

David L. Johnson, #18732
Miller & Martin PLLC
150 Fourth Avenue North, Suite 1200
Nashville, TN 37219
(615) 244-9270
dljohnson@millermartin.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served via first-class U.S. mail, postage prepaid, to:

ERIC BUCHANAN & ASSOCIATES, PLLC
Eric L. Buchanan
Seth Holliday
414 McCallie Avenue
Chattanooga, TN 37402

this 3rd day of November, 2008.

_(signature)_

David L. Johnson